## Clark v. Clark et ux.

*Martin E. Cusick*, for plaintiff.
*Benjamin H. Marks*, for defendants.

ROWLEY, P. J., July 17, 1944.—This matter is before the court upon preliminary objections to a bill in equity.

On January 10, 1944, plaintiff filed his bill to cancel a conveyance theretofore made by plaintiff to defendants.

The bill averred that plaintiff is the father of Emil Clark and that Vivian Clark is the wife of Emil Clark; that on June 8, 1939, plaintiff conveyed his farm to defendants in pursuance of a written contract of the same date, whereunder defendants agreed to maintain plaintiff and his wife during their respective lifetimes, to furnish medical care, and provide burial for both grantors. Provision was made in the contract for residence on the premises by both grantors and grantees. It was also agreed that the farm should be operated "by both men and as long as H. B. Clark is able to do a fair portion of the work thereon shall divide the profits from the operation of said farm on an equal basis".

The bill complained that defendants failed to provide burial for plaintiff's deceased wife; that defendants have failed to pay taxes on the premises conveyed; that they have failed to support and maintain plaintiff as required by their contract; that defendant Emil Clark refused to assist in operating the farm, and that defendants have maltreated and abused plaintiff.

Defendants' preliminary objections include the averment that the alleged violations of the written contract are charged to have occurred in June 1939, October 1939, and between October 1942 and February 1943, and that plaintiff's delay in filing the instant bill constitutes laches.

The term laches imports a "stale demand". Laches bars relief in equity whenever in the chancellor's dis-

cretion a party has by his delay disentitled himself to the unusual remedies equity affords to those who deserve them. Laches is defined as an " 'inexcusable delay in asserting a right; an implied waiver arising from knowledge of existing conditions and an acquiescence in them; such neglect to assert a right as, taken in conjunction with lapse of time more or less great, and other circumstances *causing prejudice* to *an adverse party*, operates as a bar in a court of equity; such delay in enforcing one's rights as *works disadvantage to another* ": Riley v. Boynton Coal Co. et al., 305 Pa. 364, 369, quoting 21 C. J. 210. (Italics supplied.)

The doctrine of laches is particularly applicable where difficulty of doing entire justice arises through the death of the principal participants in the transactions complained of or of the witness or witnesses, or by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts impossible.

The instant bill avers a continuing liability which is being currently breached, from day to day, by defendants. If that be the fact, then the circumstance that the original violation occurred some 4½ years previous to the filing of the instant bill would not warrant the court in declaring that delay apparent on the face of the bill convicts plaintiff of laches.

Defendants aver as a further preliminary objection that on July 14, 1943, they filed a bill in equity at September term 1943, no. 2, against the instant plaintiff wherein they averred that plaintiff had breached the written contract hereinbefore referred to, which bill prayed the court to restrain H. B. Clark, the present plaintiff, from preventing operation of the farm by Emil Clark in accordance with the written contract.

The bill of Emil Clark and Vivian Clark was served upon H. B. Clark, who failed to appear. Accordingly, a decree pro confesso was taken against H. B. Clark.

In December 1943, a hearing upon the first bill was had before the court, at which H. B. Clark did not ap-

pear nor was he represented at the hearing. Subsequent to the hearing, the court stenographer who took the testimony became incapacitated, consequently the testimony has not been transcribed. It cannot be now ascertained when, if ever, such testimony can be transcribed. Lacking such transcription, no decree can be entered upon the first bill.

The instant defendants now urge that H. B. Clark by his failure to answer the first bill forfeited his day in court. We now have the singular situation of a pending bill upon matters largely embraced within a former bill between the same parties and upon which a decree pro confesso has been entered by default against the plaintiff in the instant bill.

The instant controversy is between a father and his son, and involves property conveyed to the son by his parents to insure their future maintenance.

We think the court ought not to condone the conduct of H. B. Clark in ignoring the proceeding under the first bill; nevertheless, the court, and a court of equity in particular, ought not to be too astute in applying rules which would turn a suitor out of court without a hearing on the merits.

If we had entered a decree upon the former bill to restrain the conduct alleged against H. B. Clark, that would not have barred the present bill, especially as such an order would have rested upon a decree by default.

If the instant bill should be dismissed, then none of the parties is relieved of the intolerable situation which he alleges exists by reason of the misconduct of the other party.

The power of a court in equity is broad enough to appraise all the conflicting claims and to enter a decree which will render justice to all parties.

A contract between father and son which comprehends a conveyance of land in consideration of an agreement for maintenance calls for a high measure of

good faith upon the part of both grantor and grantee, and a court of equity should be prompt to prevent either party from transgressing the rights of the other.

After careful consideration we are constrained to the conclusion that the court would not be warranted, at this stage of the proceeding, in convicting the instant plaintiff of laches.

### Order

And now, July 17, 1944, this matter came on for argument upon defendants' preliminary objections to the bill, whereupon, after due consideration, it is ordered, adjudged, and decreed that the preliminary objections be dismissed.